# James *v.* Fraternity of Home Protectors, Appellant.

*Beneficial associations—Payment of calls—Forfeitures of membership—Burden of proof.*

Where a beneficial association consists of a "Supreme Circle," and "Subordinate Circles," and the members pay regular monthly dues to the subordinate circles, and irregular assessments called at times by the Supreme Circle, the association, when sued for a death benefit, has upon it the burden of proof to show that the Supreme Circle had called an assessment which it was claimed the deceased member had not paid. Such burden of proof is not met by the production of loose typewritten sheets of paper purporting to be the minutes of the executive committee of the Supreme Circle, with the name of a former secretary affixed at the end by a rubber stamp, without any proof that the secretary named had ever used such a stamp, or that he had ever had one in his possession, or that the stamp resembled his signature, and without any evidence to show that it would have been impossible, or difficult, or even inconvenient to produce such secretary as a witness.

Argued March 4. 1913. Appeal, No. 28, March T., 1913, by defendant, from judgment of C. P. Luzerne Co.,

Feb. T., 1912, No. 816, on verdict for plaintiff in case of Harriet H. James v. Fraternity of Home Protectors. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit to recover death benefits. Before GARMAN, J.

Verdict and judgment for plaintiff for $1,060. Defendant appealed.

*Error assigned* was in directing a verdict for plaintiff.

*P. F. O'Neill,* with him *C. D. Coughlin,* for appellant.— The rule is that the transaction of a corporation not recorded and not by law required to be recorded, may be shown by parol in the same manner as the acts of an individual: Franklin Trust Co. v. Electric Co., 57 N. J. Eq. 42; Hardley v. Stutz, 139 U. S. 417.

The minutes are competent evidence to prove that a resolution was passed though they are not signed by the secretary: Woodhaven Bank v. Brooklyn Imp. Co., 69 N. Y. App. Div. 489; Woodhaven Bank v. Brooklyn Imp. Co., 74 N. Y. S. 1023; Crawford v. Branch Bank, 8 Ala. 79; Troyes v. Birm. Bank, 93 Ala. 599; 9 So. Repr. 299; St. Louis Gas Co. v. St. Louis, 86 Mo. 495; Jackson v. Walsh, 3 Johns. (N. Y.) 226; Highland Turnpike Co. v. McKean, 10 Johns. (N. Y.) 154.

*B. R. Jones,* with him *Evan C. Jones,* for appellee.— If, by reason of a member's conduct or failure to comply with the regulations or requirements of the society the member has lost his good standing, the society must show this fact, for status once fixed is supposed to continue until the contrary is shown. The fact is one of defense and is peculiarly within its knowledge: Supreme Lodge K. of H. v. Johnson, 78 Ind. 110; Mulvey v. Supreme Lodge K. of H., 28 Mo. App. 463; Quigley v. Mutual Aid Society, 1 McGloin (La.); 284; Carlisle

v. Wood, 63 Mo. 501; Anslyn v. Franke, 11 Mo. App. 598; Crumpton v. Pittsburg Council, 1 Pa. Superior Ct. 613; Union Canal Co. v. Loyd, 4 Watts & Sergeant, 393; Grant v. Coal Co., 80 Pa. 208; Hamill v. Supreme Council, 152 Pa. 537.

OPINION BY PORTER J., July 16, 1913:

The plaintiff in this action seeks to recover the amount of a death benefit certificate issued to her late husband, by the defendant association, in which she was named as the beneficiary. She recovered a verdict and judgment in the court below and the defendant appeals.

The central or controlling body of the defendant association is called the "Supreme Circle," and each local branch thereof was designated as a "Subordinate Circle." The members of the association paid to the Subordinate Circles dues at a regular rate each month. The executive committee of the "Supreme Circle" was empowered by the charter to make calls, or assessments, each month for "such an amount as in their judgment shall be necessary to pay death benefits and expenses." It was not at the trial suggested by the defendant that the deceased husband of plaintiff had not during his lifetime regularly paid all his dues to the Subordinate Circle, the only defense alleged being that he had forfeited his membership by failure to pay the amount of two calls, or assessments, made by the executive committee of the "Supreme Circle." The members of this society are presumed to have known that they must pay the dues to the Subordinate Circle, which were fixed in amount and payable at stated times, and a failure to pay would, under the provisions of the charter, forfeit any claim to benefits, until the dues were paid. The calls or assessments made by the executive committee of the "Supreme Circle" stand upon a different footing, the members did not know when those calls, or assessments, would be made, nor the probable amount thereof. This defendant was asserting that a member who had regularly paid his dues

to the Subordinate Circle had forfeited any right to benefits because he had failed to pay calls made by the executive committee of the "Supreme Circle," the burden was, therefore, upon the defendant to show, at least, that such calls had been made by the executive committee; Crumpton v. Pittsburg Council No. 117, 1 Pa. Superior Ct. 613. The first and second assignments of error are overruled.

The defendant attempted to meet the burden of establishing that the calls or assessments in question were made by the executive committee of the "Supreme Circle" by offering in evidence certain papers, as the minutes of that committee. The witness by whose testimony it was sought to identify these papers as the minutes of the executive committee had, at the time of the trial, been the supreme secretary of the association and as such secretary of the executive committee, for about one year, and the assessments in question were said to have been made less than one year before he went into office. His predecessor in office had been one Harry Deitrick, who was secretary in May and June, 1910, at which time the calls or assessments were said to have been made. The papers offered as the minutes of the executive committee were referred to as a minute book, but it is upon all hands admitted that they were merely a lot of loose sheets or leaves of typewritten paper held together by a clasp, so that any of the leaves might be removed at will and other matter substituted. What purported to be the minutes of the meeting of the executive committee in May, 1910, was in typewriting, upon a loose sheet of paper, and was not signed by Harry Deitrick, as secretary, but at the end thereof the name "Harry R. Deitrick" had been affixed with a rubber stamp. There was no evidence tending to show that Deitrick had ever used such a stamp, or that he had even had one in his possession, or that the stamp resembled his signature. The papers which were offered purporting to be the minutes of the meeting of the executive committee held on June 14, 1910, were upon several

loose sheets of paper, were typewritten, and upon what was asserted to be the last sheet the name of "Harry R. Deitrick, Supreme Secretary," was written in his own hand. With regard to this second alleged minute, the learned judge of the court below said, in his opinion refusing a new trial: "An inspection of the book offered showed us that the so-called minutes consisted of loose sheets, that the sheets signed by Deitrick had no reference to the call No. 57, and that there was no identification of the other sheets by his signature; that the sheets were separate and typewritten, and that the sheets bore no evidence of date. We, therefore, declined to admit them in evidence."

The witness by whose testimony it was sought to establish that these papers were the minutes of the executive committee frankly said that all that he knew about the transaction was that he found these papers among the effects of the association at the time he became supreme secretary. The transactions in question were, at the time of the trial, less than two years old. There was no attempt to show that it would have been impossible, or difficult, or even inconvenient to produce Deitrick as a witness. "More latitude must certainly be allowed in the proofs of corporation books and entries, where they are ancient, than where they are recent. In the latter case, living witnesses may in most cases be produced to show that they have been regularly kept by the proper officers of the corporation. But to require this after the lapse of half a century would be to exact an impossibility, which the law never forces on any one:" Union Canal Co. v. Loyd, 4 W. & S. 393. Considering the manner in which the alleged minutes were presented and in view of the fact that they referred to transactions of quite recent date, we are of opinion that the action of the court below in refusing to admit them in evidence was free from error: Philadelphia Bank v. Officer, 12 S. & R. 49. None of the assignments of error present the question of the right of the defendant to introduce parol testimony tending to

establish that the executive committee had made the calls or assessments in question. The specifications of error are all dismissed.

The judgment is affirmed.