No. 12,816.

SETHMAN ELECTRIC AND MANUFACTURING COMPANY *v.* MOUNTAIN STATES LIFE INSURANCE COMPANY.

(23 P. [2d] 952)

Decided June 12, 1933.

Mr. A. X. ERICKSON, Mr. EMORY L. O'CONNELL, for plaintiff in error.

Messrs. PERSHING, NYE, TALLMADGE, BOSWORTH & DICK, Mr. R. F. BAIRD, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

ACTION on a policy issued by defendant in error upon the life of one George Henry Sethman, pursuant to which it promised, on condition, to pay the sum mentioned in the policy, in accordance with the event, to the insured, to his estate, or to his assignee. Plaintiff in error, as assignee, sought recovery, and to an adverse judgment prosecutes error.

It is apparently conceded that the policy was issued December 22, 1924, and that the initial premium, as well as the second annual premium, due December 22, 1925, were paid; that the insured departed this life December 12, 1928, and that plaintiff in error is assignee of the policy and entitled to whatever benefits its terms afford. It seems further that had the third premium, due December 22, 1926, been paid, an issue withheld from the jury, because, as plaintiff in error contends, the court errone-

ously refused to admit relevant and competent testimony going to show payment, a provision of the policy relative to automatic extended insurance would have continued the insurance company's liability beyond the time of Sethman's passing. It appears that plaintiff in error offered evidence to the effect that it paid the third premium, but its offer was rejected because it had not specifically pleaded payment. This ruling of the court is challenged, and the parties treat the error assigned thereto as of first importance.

Briefly, plaintiff in error alleged its ownership of the policy, and that December 12, 1928, while the contract was in force and effect, the insured died. Defendant in error, quoting from the policy to the effect that failure to pay any premium when due worked a forfeiture, alleged that neither the insured nor the plaintiff in error has paid the premium due December 22, 1926. By replication plaintiff in error denied generally the allegations of nonpayment, and pleading the provision of the policy relative to extended insurance already referred to, alleged that payments made continued the policy in force beyond December 13, 1929.

At the trial plaintiff in error proved issuance and delivery of the policy, payment of the first premium, assignment of policy to it, and the death of Sethman; and rested. Defendant in error then introduced testimony to the effect that the third annual premium, due December 22, 1926, had not been paid, and rested. The procedure to this point conformed to the rule that on the issue of nonpayment of premium, in the circumstances here, the burden rests on the insurer. 33 C. J. 110; 14 R. C. L., p. 1437, §598; 25 Cyc. 925, 927. Also, considering that defendant itself proved payment of the second premium, it is in harmony with the reasonable construction of C. L. '21, §2516, and as amended, L. '27, p. 450, which provides in effect that after two years, nonpayment of premium becomes a matter of defense. To meet

the situation plaintiff in error offered to show that it had paid the third or questioned premium, but, as we have seen, because it had not pleaded such payment, the court sustained an objection to the offer. In making the ruling the court announced that the proffered evidence would satisfy the requirements of payment, and since that principle is not questioned, we adopt it for the purposes of our review.

██ The evidence was excluded on the theory of the court's interpretation of decisions in this jurisdiction holding that payment is an affirmative defense and must be so pleaded. *Bartholomew v. Emerson Imp. Co.*, 68 Colo. 244, 187 Pac. 538; *Nitro Powder Co. v. Kearns,* 50 Colo. 1, 114 Pac. 396; *Welles v. Colorado Co.,* 49 Colo. 508, 113 Pac. 524; *Harvey v. D. & R. G. Co.*, 44 Colo. 258, 99 Pac. 31, 130 Am. St. 120; *Esbensen v. Hover,* 3 Colo. App. 467, 33 Pac. 1008. Those cases involved questions growing out of the establishment of contracts involving the payment of money, and where, if established, perhaps only payment would defeat right of recovery. Whether a claimed obligation has been paid does not have to do with the existence or binding force of the contract in the first instance, and, therefore, plaintiff is not required to negative payment, and if such allegation be included, it seems it need not be supported by evidence in the case in chief. 21 R. C. L., p. 116, §127; *Harvey v. D. & R. G. Co., supra.* In the circumstances of the cited instances we have said that payment, if to be relied on, must be pleaded as such, and that under general denial of plaintiff's allegation of nonpayment defendant's offer of payment must be excluded. But does the record here warrant us in holding that plaintiff was obliged by replication to make affirmative allegation of payment to put in issue the allegation on defendant's part that the third annual premium had not been paid and forfeiture resulted? We are not of that opinion. The rule which requires defendant to plead and prove payment is based on the included rule that he sustains

the burden to that end; but here, nonpayment, not payment, is the issue, and the burden logically rests with the party making the required allegation. It follows that general denial of that which defendant in error was bound to allege, and primarily to establish, suffices for the admission of testimony contra. 21 R. C. L., supra. The court erred in excluding the testimony.

██ Thus far we have discussed rules that have to do with order of proof and burden, with particular reference to what plaintiff in error, assignee of the policy, offered to show in the way of payment of the questioned premium. We come now to a point growing out of what is claimed took place between the insurer and insured in relation to the same matter. As the trial proceeded plaintiff elicited from defendant's secretary testimony from which inference of payment by the insured might be deduced. The insurer then examined its secretary to learn of further details of the claimed payment, in the course of which it appeared that the negotiations culminated in the payment of a sum of money equal to a small proportion of the premium and the execution and delivery of two writings, exhibits 1 and 2, as to the balance. The exhibits were received in evidence, and read as follows:

Exhibit 1:

"$5099.00                                December 22, 1926 192

"On or before March 22, 1927, after date without grace, and without demand or notice, I promise to pay to the order of Mountain States Life Insurance Company, Five Thousand Ninety Nine and 00/100 Dollars at the Home Office of the Company in Denver, Colorado, value received, with interest at the rate of six per cent per annum. This note is accepted by said Company at the request of the maker, together with Six Hundred Eighty Seven and 00/100 Dollars in cash, on the following express agreement:

"That although no part of the premium due on the 22nd day of December, 1926, under Policy No. 3015, is-

sued by said Company on the life of George Henry Sethman has been paid, the insurance thereunder shall be continued in force until midnight of the due date of said note; That if this note is paid on or before the date it becomes due, such payment, together with said cash, will then be accepted by said Company as payment of said premium, and all rights under said policy shall thereupon be the same as if said premium had been paid when due: That if this note is not paid on or before the day it becomes due, it shall thereupon automatically cease to be a claim against the maker, and said Company shall retain said cash as part compensation for the rights and privileges hereby granted, and all rights under said policy shall be the same as if said cash had not been paid nor this agreement made: That said Company has duly given every notice required by its rules or by the laws of the State in respect to said premium, and in further compensation for the rights and privileges hereby granted the maker hereof has agreed to waive, and does hereby waive every other notice in respect to said premium or this note, it being well understood by said maker that said Company would not have accepted this agreement if any notice of any kind were required as a condition to the full enforcement of all its terms.

"Interest due at maturity $76.49

"Policy No. 3015.   Due March 22, 1927.

"(Signature) George Henry Sethman
"(Address) 647 Williams St.
"Denver, Colo."

Exhibit 2:

"Mountain States Life Insurance Company
"Denver, Colorado

"Hereby acknowledges receipt of cash of $687.00 and premium note agreement for $5,099.00 on account of annual premium, due the twenty-second day of December, 1926, under Policy Number 3015, issued or assumed by said Company, insuring the life of George Henry Sethman.

"Said cash (if any) and said note agreement, or agreements, are in no wise a payment, part payment or satisfaction, or part satisfaction, of said premium, but are accepted in consideration of extending, according to the terms of said note agreement, or agreements, the time for payment of said premium and for continuing said policy in force during such period of extension. If the terms of said note agreement, or agreements, be not complied with, said policy will thereupon become void, except as otherwise provided therein. This instrument does not waive or modify any terms or condition of said note agreement, or agreements, or of said policy, except as expressly provided herein.

"Dated at Denver, Colorado, this twenty-second day of January, A. D. 1927.

　　　　　"Mountain States Life Insurance Co.
　　　　　　　"By D. Yeoman."

Plaintiff in error objected to the exhibits on the ground that they tended to vary the terms of the policy, contrary, as argued, to the statute, C. L. '21, §2516, which says that the policy shall constitute the entire contract. We think the exhibits were properly admitted. It is clear they were executed in the course of whatever negotiations there were between the insured and insurer in relation to the overdue premium, and to the extent they covered the acts of the parties they possessed qualities of certainty, always a desirable element; and since what the insured had done to satisfy the requirement of payment of the premium in question, admittedly not in the regulation manner, had been inquired into by plaintiff in error, it comports with fairness to allow full disclosure, and such disclosure would include signed and mutually exchanged contemporaneous pertinent writings. Neither the writings nor the matter developed orally by plaintiff in error on the same subject may be said to vary the provisions of the policy.

The arrangement, however manifested, orally, in writing, or both, was necessarily of a time subsequent to the

execution of the policy, and in the absence of fraud or other overreaching, not claimed, it was not attended with inherent illegality. It contemplated no loss of rights to the insured and he gained something. In short, a situation which seemed otherwise presently lost to him, was by the new contract saved for a time, and potentially for the then current insurance period. The court properly permitted the inquiry to be pursued to the extent indicated by the record, for the writings were part at least of what evidenced the new agreement. It will be noted that the statute does not in terms prohibit the company and insured from entering into supplementary or modifying contracts not contemplated when the policy was issued. *Diehl v. American Life Ins. Co.*, 204 Ia. 706, 711, 213 N. W. 753. The Iowa court considered the effect of an agreement made in the circumstances here, and where, also as here, the insured did not pay according to its terms, and held that inasmuch as the obligation on the part of the insured as set forth in the new writing had not been observed, the instrument did not operate as payment of the otherwise unpaid premium beyond the limit fixed therein. It then discussed the statute of that state, like ours, and its bearing on the case, saying:

"We cannot conceive of its being against public policy or contrary to the terms or purpose of the statute to permit an insurance company to grant an extension to a policyholder for whom, through misfortune or otherwise, the making of prompt payment of premium at the stipulated time may be inconvenient or impossible. Such extensions, in many cases at least, save the insurance to the policyholder. They do not (ordinarily at least) injuriously affect other policyholders. Logically, if the conditions are void, it must be because the extension is void; for it is the extension, if anything, that discriminates. By means of the note, a supplementary contract is, in effect, entered into, to extend the time of payment of premium, and during the period of extension to continue the former contract in force. Though a new contract is

thus made, it does not constitute a complete, independent, or distinct contract of insurance. It modifies as to one premium payment and continues the existing contract. The new contract is merely supplementary, and was not within the contemplation of the parties at the time the policy was issued. No discrimination was in view on either occasion. We perceive no reason for not permitting the company to grant an extension of time of payment of premium on terms that are mutually reasonable and not oppressive, or for punishing the company for aiding the insured, by annulling fair, non-oppressive, and non-fraudulent conditions.''

In *Wastun v. Lincoln Nat. Life Ins. Co.*, 12 Fed. (2d) 422, 425, the court said: ''The statute does not state that the policy shall continue to be the sole contract between the parties. It refers to the policy as originally issued.'' These cases are in point and persuasive. After all, they simply announce the rule that competent parties shall enjoy freedom of contract.

The conclusion indicated has been reached only as the result of much reflection. Counsel for plaintiff in error have painstakingly presented the opposing view. Among the cases cited in their brief are some that hold contrary to the view we have announced. *Coughlin v. Reliance Life Ins. Co.*, 161 Minn. 446, 201 N. W. 920, and *Ritter v. American Life Ins. Co.*, 48 S. D. 231, 203 N. W. 503, are examples.

■ It is urged that the court erred in admitting the testimony of one Kattell, qualifying as an expert insurance actuary. Apparently his only office was to make computations, and if the court felt the need thereof we cannot see that harm resulted. Of course, neither the court nor the jury may abdicate to mathematicians, and must assume responsibility for correct answers to problems. It may well be that the same question will not again rise to plague, but if it shall, the court will have in mind that in construing the contract the answer must

be found in the law, and of which only the court may make declaration.

For the reason that the court erred in excluding testimony as indicated in the first point determined, the case is reversed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.