## NEW YORK LIFE INS. CO. v. HOLROYD.

No. 27217.  May 18, 1937.

Rehearing Denied June 8, 1937.

William F. Tucker and William H. Martin, for plaintiff in error.

Hamilton & Clendinning, for defendant in error.

PHELPS, J.  This was an action on a life insurance policy, by the beneficiary

thereof. The defense was nonpayment of the first annual premium, and the trial court placed upon the defendant insurance company the burden of proving such nonpayment. In appealing the defendant asserts that this was error, and that, instead, the burden of proof should have been placed upon the plaintiff to show the payment of said first annual premium.

The policy recited that receipt of payment of the first annual premium was acknowledged. As to where the burden of proof lies on the issue of payment or nonpayment of premiums subsequent to the first annual premium, and as to where it lies in cases where the policy does not acknowledge receipt of the first annual premium, the cases are not in accord. But with few exceptions the cases appear to be fairly well in harmony to the effect that where the policy acknowledges receipt of payment of the first annual premium, and the issue is as to the payment of that premium, the burden is upon the insurance company to show the nonpayment thereof, rather than upon the beneficiary to prove that it was paid.

Under the subject of insurance, and on the question of nonpayment of premium or assessment, 14 R. C. L. 1437, sec. 598, states that "The burden of proving the nonpayment of premiums is on the insurer." Harris v. Security Life Ins. Co. of America, 248 Mo. 304, 154 S. W. 68, Ann. Cas. 1914C, 648, in so holding, observed that "whether premiums had been received or not was a matter peculiarly within the knowledge of" the insurance company. This must evidently be so, because the beneficiary is normally not the person who made the payment of the premium, and the insured, who made such payment, is dead and of course cannot offer proof. Some cases go even farther than this. For instance, in Dunken v. Aetna Life Ins. Co. (Tex. Civ. App.) 221 S. W. 691, it was held that an acknowledgment of receipt of the first premium contained in a life insurance policy is conclusive and will prevent the insurer from asserting invalidity of the policy on ground of nonpayment. In Mutual Life Ins. Co. v. Vaughan, 88 So. 11, the Supreme Court of Mississippi took the view that where an insurance policy on its face recites receipt of the first annual premium, such recital is more than a mere receipt, that it is contractual and is conclusive against the company in favor of the beneficiary so far as liability depending upon payment of the premium is concerned. It is not necessary to go that far in the instant decision,

for here the trial court did not rule that the acknowledgment of receipt of the premium was conclusive, but merely placed the burden of proving nonpayment upon the insurer. We do not consider it necessary to further elaborate on the question. See the many decisions cited at 33 C. J. 110, footnotes 74, 75, 76, and 79.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, and GIBSON, JJ., concur. RILEY and BUSBY, JJ., absent. HURST, J., not participating.