## Schock *v.* Penn Township Mutual Fire Insurance Association of Lancaster, Appellant.

Argued November 11, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Chas. W. Eaby,* for appellant.

*B. M. Zimmerman,* of *Zimmerman, Myers & Kready,* for appellee.

OPINION BY RHODES, J., February 28, 1942:

On August 17, 1908, defendant, a mutual fire insurance company, issued to plaintiff its standard perpetual fire insurance policy covering certain buildings which were destroyed by fire on September 3, 1938. Defendant refused to pay the loss, and plaintiff brought an action in assumpsit on the policy. The defense was that between October 30, 1924, and September 1, 1925, the policy was canceled, and that no assessments had been paid on the policy since 1924. The court below directed

a verdict in favor of plaintiff. Defendant's motion for judgment n.o.v. was overruled, and its rule for a new trial was subsequently discharged. From the judgment entered on the verdict, defendant has appealed.

The question is whether there was a valid cancellation of the policy.

At the trial plaintiff made out a prima facie case by offering in evidence certain portions of the pleadings including the policy. It was thereby established, inter alia, that the policy of insurance, No. 30,749, was a perpetual policy issued on August 17, 1908; that the amount of it was $800; that fire destroyed the property covered thereby on September 3, 1938; that the loss was equal to the amount of the policy; that there was no other insurance on the property; and that plaintiff filed due proofs of loss with defendant. Plaintiff rested. The burden was then on defendant to prove an effective cancellation of the policy before the loss (*Aetna Insurance Co. v. Kennedy,* 301 U. S. 389, 395, 57 S. Ct. 809, 81 L. Ed. 1177; *Artificial Ice Co. v. Reciprocal Exchange,* 192 Iowa 1133, 184 N. W. 756, 759); this is especially true here as defendant relied upon cancellation as an affirmative defense (*Wahl v. State Workmen's Ins. Fund et al.,* 139 Pa. Superior Ct. 53, 57, 11 A. 2d 496; *Spann v. Commercial Standard Insurance Co. of Dallas, Texas,* 8 Cir., 82 F. 2d 593, 596; *Clark v. Employers Mutual Casualty Co. of Des Moines, Iowa,* 8 Cir., 90 F. 2d 667, 668, 115 A. L. R. 1204; 29 Am. Jur., Ins., §1433, p. 1074).

We find no factual issue arising from the evidence, and we agree that it was proper for the trial judge to direct a verdict for plaintiff.

There was no evidence that the policy was canceled by defendant at the request of plaintiff, or that he neglected or refused to pay any assessment which had been made on the policy. As to cancellation by defendant, the policy, which was introduced in evidence, provides:

"VI. Cancellation by Association.—The association

may, at any time, terminate this insurance and cancel this policy, after giving fifteen days' notice to the assured of its intention so to do ......"

Annexed to the policy and made a part thereof are "Special Conditions and By-laws of the Association," which provide, inter alia:

"6. Suspension or Cancellation of Policy. This policy shall become suspended upon neglect or refusal of the insured to pay any assessment made on same for thirty days after public notice of the assessment has been given, ...... and if the assessments are not paid at the expiration of ...... ninety days, then this policy shall be considered cancelled, and so marked upon the books of the association. ......

"8. Association's Right to Cancel. This association reserves the right to cancel this policy upon evidence satisfactory to the Board of Directors of the violation of any of the rules or regulations herein set forth, notice thereof to be given the assured. Any policy, because of an increase of risk ...... may be cancelled by the Board of Directors, 15 days' notice thereof having been given the insured."

Defendant's books were offered in evidence, and it is upon them that defendant was obliged to rely to sustain its defense. Plaintiff himself testified that he had never requested cancellation of the policy, that he never received any notice of cancellation, and that he had received no notice of an assessment since 1924. Defendant's officers testified that they did not know whether any notice of cancellation had ever been sent to plaintiff; that no assessment had been made on the policy since 1924; and that no notice of any assessment which was not paid had been given to plaintiff. Plaintiff has had possession of the policy from the time of issue.

The history and record of the policy in question were in these books of defendant. In the journal was recorded · its issue on August 17, 1908; in the tax book all the as-

sessments were listed, and defendant's record as to the policy is as follows:

| Page Jour. | Names | Insurance | Total amount paid 1916 Tax | 1917 Tax | 1918 Tax | 1919 Tax | 1920 Tax |
|---|---|---|---|---|---|---|---|
| C 661 13 | Schock, Clarence, | 30749 800. | C 2.40 | 2.24 | 2.24 | 2.00 | 2.24 |

| 1921 Tax | 1922 Tax | 1923 Tax | 1924 Tax | 1925 Tax |
|---|---|---|---|---|
| 2.60 | 3.20 | 3.20 | 2.80 | C |

It is conceded that no record of assessments on the policy from 1908 to 1915, inclusive, was shown, and that no assessment was made after 1924. The assessments made from 1916 to 1924, inclusive, were paid by plaintiff. It is argued on behalf of defendant that the burden was upon plaintiff to prove that he had complied with the policy by paying "the several sums from time to time assessed ...... until such policy is annulled and his membership terminated." Obviously if no assessments were made from 1924 to the date of the fire the argument is meaningless. Besides, nonpayment of assessments is an affirmative defense, and the burden of proof thus rested on defendant. *Tkatch v. Knights and Ladies of Security,* 264 Pa. 578, 107 A. 890; *Crumpton v. Pittsburg Council,* No. 117, 1 Pa. Superior Ct. 613; *James v. Fraternity of Home Protectors,* 54 Pa. Superior Ct. 375; 95 A. L. R. 749, note; 29 Am. Jur., Ins., §1436, p. 1076. According to defendant's own books plaintiff paid every assessment that was made on his policy. In this respect he fully complied with his contract, and defendant could not consider the policy suspended or canceled because of nonpayment of an assessment which was never made. Plaintiff is not to be deprived of his rights under the policy, which was apparently a valid contract in the possession of plaintiff, by the mere absence of an assessment thereon, as an assessment may not have been necessary every year, or by an irregular or illegal attempt to cancel by defendant.. Defendant cannot thus escape its contractual liability notwithstanding its mutual nature, and take advantage of its own neglect or improper conduct.

Accepting defendant's records as admissible[1] they indicate no more than that defendant may have considered the policy canceled. The records of defendant afforded no proof that the policy had been canceled after notice[2] in accordance with the provisions of the policy, that plaintiff had requested a cancellation of the policy, or that it could be considered canceled for nonpayment of any assessment or assessments, and they raise no such presumptions. Cancellation of an insurance contract means termination of the insurance in accordance with the cancellation clauses of the policy. *Otterbein v. Babor & Comeau Co. et al.*, 272 N. Y. 149, 5 N. E. 2d 71, 72, 107 A. L. R. 1510; 6 Words & Phrases, Permanent Edition, p. 37. If defendant desired to terminate the insurance and cancel the policy, it was incumbent upon defendant to strictly comply with the conditions of cancellation and give the prescribed notice. *Levan v. Pottstown, Phoenixville Ry. Co. et al.*, 279 Pa. 381, 384, 124 A. 89; *Stewart v. Mullineaux et al.*, 138 Pa. Superior Ct. 43, 47, 10 A. 2d 122; *Hendricks v. Continental Insurance Co. of the City of New York*, 121 Pa. Superior Ct. 390, 395, 183 A. 363. In the case before us the evidence does not disclose any fact or facts from which it

---

[1] The court below in overruling defendant's motion for judgment n. o. v. refused to consider this evidence, and determined that it was inadmissible as an ex parte declaration. In passing upon a motion for judgment n. o. v. the court cannot eliminate evidence which may have been improperly admitted. *Huffman et al. v. Simmons et al.*, 131 Pa. Superior Ct. 370, 374, 200 A. 274. As we are of the opinion, upon consideration of the entire record, that the overruling of defendant's motion for judgment n. o. v. was proper, it is of little moment what course of reasoning by the court below led up to it. *Fullerton's Estate*, 146 Pa. 61, 63, 23 A. 321.

[2] For sufficiency of notice, see *Hendricks v. Continental Insurance Company of the City of New York*, 121 Pa. Superior Ct. 390, 183 A. 363; *Letvin v. Phoenix Insurance Co. of Hartford, Conn.*, 91 Pa. Superior Ct. 422; 35 A. L. R. 899, note; 123 A. L. R. 1008, note; 29 Am. Jur., Ins., §283, p. 262.

might even be inferred that the policy had been canceled at the request of plaintiff or in conformity with any provision of the policy. The refusal of defendant's motions for judgment n.o.v. and for a new trial was therefore proper.

The authorities upon which defendant relies are not in point. *People's Fire Insurance Co. v. Hartshorne & Co.*, 90 Pa. 465, relates solely to the question of making assessments on policies, and not to the question of cancellation. Action was there brought by the insurance company to recover on a premium note given by the defendants, the insured. To relieve themselves of liability they alleged irregularity in the manner of making the assessments. It was held that the secretary's certificate as to the assessments was prima facie evidence of their correctness, but that it could be rebutted by showing fraud, illegality, or gross mistake in making the assessments. There the burden was on defendants who were asserting the illegality of the assessment, which was presumed to have been properly made. In the present case the burden was on defendant who alleged that the policy had been canceled. This burden of proving cancellation in conformity with the terms of the policy was not met by such records as it offered in evidence, and they created no presumption of notice of cancellation. Defendant here concedes that the evidence does not support an allegation that there was a cancellation by request of the plaintiff; and there was no unpaid assessment.

In *Stockley v. Schwerdfeger*, 19 Pa. Superior Ct. 289, it was assumed that the cancellation of the policy was proper. In *Gonder v. Lancaster County Mutual Fire Insurance Co.*, 17 Pa. Superior Ct. 119, an assessment was made on the policy and not paid.

All the assignments of error are overruled.

Judgment is affirmed.