# Richmond

## DELORES DAVIS, ET AL.

### V.

## AMERICAN INTERINSURANCE EXCHANGE

Record No. 812227.

September 7, 1984.

Present: All the Justices.

*Andrew M. Sacks (Sacks, Sacks & Larkin,* on brief), for appellants.

*Richard A. Saunders (Furniss, Davis & Rashkind,* on brief), for appellee.

PER CURIAM.

In these appeals, perfected and consolidated by two plaintiffs, the dispositive question is whether the defendant was lawfully served with process as required by Code § 38.1-381(el)[1] and related statutes.

Delores and Rita Davis (plaintiffs) filed separate actions in the general district court against Preston B. Powell, an uninsured mo-

---

[1] § **38.1-381. Liability insurance on motor vehicles, aircraft and watercraft; standard provisions; "omnibus clause"; uninsured motorist coverage.**

. . . .

(el) Any insured intending to rely on the uninsured or underinsured coverage provision or endorsement of his policy shall, if any action is instituted against the owner or operator of an uninsured or underinsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant . . . .

torist, claiming damages allegedly sustained as a result of Powell's negligence in the operation of an automobile. In a letter dated July 24, 1980, plaintiffs' counsel advised their uninsured motorist insurance carrier, American Interinsurance Exchange (American), of the claims and enclosed copies of their notices of motions for judgment which showed a return date of August 5, 1980. The letter was dispatched by certified mail to American's offices in Indianapolis, Indiana. A return receipt confirming delivery was signed by an unidentified individual as "authorized agent", but the receipt was undated.

American did not appear at trial on August 5, and the district court entered default judgments in favor of both plaintiffs. Plaintiffs mailed abstracts of the judgments to American and demanded payment. By letter dated September 11, American refused to pay on the ground it had not been served with process in the manner required by law. Plaintiffs then filed actions in the district court to compel American to satisfy the judgments. The court ruled in favor of American, and plaintiffs appealed to the circuit court.

In a bench trial conducted October 1, 1981, plaintiffs' counsel testified that he had mailed the July 24, 1980 letter to American on that date. He did not know when the letter was received, but he said "I know that [an American employee] called me two days before the return day." The court admitted the testimony concerning the telephone call only "to vouch the record" for purposes of appeal.

In a letter opinion responding to American's motion to strike, the court ruled that "if process had been served 'in the manner prescribed by law', it was timely served under the facts, since [the] letter notice dated July 24, 1980, gave [American] plenty of time to appear and defend the two liability suits against Powell". The court found, however, that "there was no evidence . . . that process ever reached a representative of [American] with power to act on its behalf in response to same . . . . [Although] Code § 8.01-288[2] now recognizes the validity of process which reaches the foreign corporation to whom it is directed within the time prescribed by law, even if not served as directed by Code § 8.01-301,

---

[2] **§ 8.01-288. Process received in time good though neither served nor accepted.**—Except for process commencing actions for divorce or annulment of marriage, process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter.

it did not so reach such person here." Based upon this finding, the court sustained the motion and entered summary judgment in favor of American.

Plaintiffs contend that "for purposes of this Appeal . . . the only question to be decided is whether or not plaintiffs adduced sufficient evidence to prove a prima facie case of receipt of the process by [American]." Relying on the rebuttable presumption of receipt arising from proof that a letter has been properly addressed and mailed,[3] they argue that, in light of Code § 8.01-288 read in context with § 38.1-381(el), the court erred in holding that the evidence failed to show that process was received by an authorized representative of American.

For purposes of this opinion only, we accept the trial court's view that the service-of-process requirement of § 38.1-381(el) is modified by § 8.01-288. And we assume, without deciding, that the mailing presumption arises in the service-of-process context. Even so, § 8.01-288 applies only when process is delivered "within the time prescribed by law". Code § 16.1-82 provides that a motion for judgment filed in a general district court "must be served not less than five days before the return day."

Assigning cross-error, American contends that the trial court erred by not basing its judgment on a finding that the evidence was insufficient to show that process, if received at all, was received five or more days before August 5, 1980. While plaintiffs insist that they were not required to bear the ultimate burden of proof of lawful service, they tacitly recognize that they had the burden of making a *prima facie* case that American was properly before the court.

The trial court found that, if the letter of July 24, 1980 containing copies of the process was received by an authorized representative of American, it was timely received. Apparently, that finding was based upon the mailing presumption. But the only fact presumed from the mailing of a letter, properly addressed and stamped, is that the addressee received the letter. Absent proof of the normal course of the mails and the time usually required to convey a letter from the place of dispatch to the place

---

[3] "Under our holding in *Hartford Fire Ins. Co.* v. *Mutual Savings & Loan Co., Inc.,* 193 Va. 269, 68 S.E.2d 541, 544, 31 A.L.R.2d 1191, the mailing of a letter, properly addressed and stamped, raises a presumption of receipt of the letter by the addressee. . . ." *Development Company* v. *Offutt,* 203 Va. 382, 385, 124 S.E.2d 29, 31 (1962).

of delivery, the law indulges no presumption as to the *time* it was received. *See generally* 29 Am. Jur. 2d *Evidence* § 198 (1967).

■ Plaintiffs produced no such proof. Indeed, other than the return receipt the only evidence of the time of receipt offered by plaintiffs was the testimony of their own counsel that an American employee had telephoned him "two days before the return day." But the return receipt bore no date, and even if counsel's testimony had been admitted into evidence, it would not have proved that the letter was received in the time required by §§ 8.01-288 and 16.1-82.

We are of opinion that plaintiffs failed to make a *prima facie* showing that process, even if received, was timely received. Finding merit in American's assignment of cross-error, we hold that the judgment was right, albeit for the wrong reason, and we will affirm the final order. *See Robbins* v. *Grimes*, 211 Va. 97, 100, 175 S.E.2d 246, 248 (1970).

*Affirmed.*