## Richmond

MANASSAS PARK DEVELOPMENT COMPANY v. GEORGE W. OFFUTT, III.

March 5, 1962.

Record No. 5359.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, Snead and I'Anson, JJ.

*William M. Baskin,* for the plaintiff in error.

*Frederick T. Gray,* for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

This is an appeal from an order sustaining a demurrer and dis-

missing an amended motion for judgment filed by Manassas Park Development Company, plaintiff, against George W. Offutt, III, and Manassas Park, Inc., defendants, to recover damages for a breach of contract.

The amended motion for judgment alleges, *inter alia:* (1) that by an agreement set out in a letter attached to and made a part of the motion, George W. Offutt, III, agreed to be responsible for the delivery of deeds and the collection of funds from the sale of property owned by Manassas Park Development Company in the Manassas Park subdivision; (2) that pursuant to the agreement executed deeds to two lots were mailed by the plaintiff to George W. Offutt, III, "c/o Manassas Park, Inc.," 156 Hillwood Ave., Falls Church, Virginia, and were received by Offutt or by Manassas Park, Inc.; (3) that settlement was held at the above mentioned address, and upon delivery of the deeds by Offutt or Manassas Park, Inc., the purchase price of the property was paid to Offutt or Manassas Park, Inc.; and (4) that the funds, after certain authorized deductions, were not remitted by Offutt or Manassas Park, Inc.

The latter contract, written by one of plaintiff's officers and addressed to Gibson and Hix, Attorneys, outlined the procedure to be followed in conveying the property and closing the sales in the subdivision. It provided, among other things, that the deeds were to be prepared in duplicate by the attorneys and sent to the plaintiff who would execute the originals and mail them to "Mr. George W. Offutt, c/o Manassas Park, Incorporated, 156 Hillwood Ave., Falls Church, Virginia, who will then *be responsible for* the proper delivery of the deed and for the collection of the funds which are to be paid to us in settlement for the deed. In all cases a short transmittal letter will accompany the papers and a copy of this letter will be sent to you. The letter will specify the sales price of the property and that settlement for the deed is to be made in accordance with this master instruction letter." (Italics supplied.)

The letter also provided that " * * * we are also sending a hard copy of this to Mr. Offutt together with an extra carbon copy for his use, and it will be a condition of our forwarding deeds that Mr. Offutt indicate on the hard copy that he accepts the terms and conditions outlined therein, and this signed copy is then to be returned to this office. * * * "

Offutt changed the address in the letter to which the deeds were to be mailed from 206 Spring Drive to 156 Hillwood Ave., which is the

address of the attorneys, and wrote the following at the foot of the "hard" copy: "For good and valuable consideration and because of my interest in Manassas Park, Incorporated I agree to the conditions herein outlined."

Offutt demurred to the amended motion for judgment on the ground that the allegations were in the alternative and there was no positive claim that he either received the deeds, delivered them, or received the proceeds to be remitted to the plaintiff. From an order sustaining the demurrer and dismissing the action, the plaintiff appealed.

The effect of the demurrer was to admit as true all allegations of material facts which were sufficiently pleaded. *Richmond, Inc.* v. *Ewing's Sons*, 200 Va. 593, 595, 106 S. E. 2d 595, 597; 6 Mich. Jur., Demurrers, § 26, pp. 26, 27.

The question presented is whether the allegations in the amended motion for judgment stated a good cause of action when tested by the demurrer.

■ It is not even debatable that under the general rule of pleading, and Rule 3:18 of the rules of this Court, material facts constituting a cause of action shall be stated by direct and positive allegations clearly informing the opposite party of the true nature of the claim he is to meet. But alternative pleading is permitted as a modification of the general rule where the pleader has no knowledge as to which of two sets of facts should be alleged and the opposite party would be equally liable under either. *Glover* v. *Berger*, 75 Wyo. 191, 294 P. 2d 793, 60 A. L. R. 2d 583, 588, 589; *McGrath* v. *Dubs*, 127 Mont. 101, 257 P. 2d 899, 902; 41 Am. Jur., Pleading, §§ 41, 42, pp. 317, 318; 71 C. J. S., Pleading, § 41, pp. 109, 110.

■ The plaintiff says that Offutt would be liable under the terms of his letter contract whether he or Manassas Park, Inc., received the deeds, delivered them, received the money, and failed to account for the proceeds. Hence it argues that the allegations stated in the alternative or disjunctive are not fatal on demurrer.

On the other hand, Offutt says that he is not liable under the terms of the contract because the deeds were mailed to Offutt in care of Manassas Park, Inc., the plaintiff's sales agent, and further that it is not alleged either that Offutt received the deeds or that Manassas Park, Inc., was Offutt's agent. Hence he argues that under the terms of the contract, Offutt agreed to be responsible only for deeds received by him or his agent.

The pleadings show that Offutt accepted the terms and conditions of the letter contract without any exceptions or qualifications except a change in the address for the delivery of the executed deeds, which was acceptable to the plaintiff, and received from the plaintiff valuable consideration for his engagement. He agreed that if the deeds were mailed to him, "c/o Manassas Park, Inc.," he would be responsible for the delivery of the deeds and the collection of the funds, which were to be paid to the plaintiff after certain deductions.

The word "responsible," used in the letter contract, means legally answerable or accountable for the discharge of a duty. *Sams* v. *Cochran & Ross Co.*, 188 N. C. 731, 125 S. E. 626, 629; Black's Law Dictionary, 3d ed., p. 1547; 6 Words and Phrases, p. 49 et seq.

Where one enters into a contract to perform certain acts, without any exceptions or qualifications, and receives from the party with whom he contracts a valuable consideration for his engagement, he must abide by the contract and either do the acts agreed upon or pay the damage, since his liability arises from his own direct and positive undertaking. *Steele* v. *Buck*, 61 Ill. 343, 346, 14 Am. Rep. 60, 62; *Sun Printing & Publishing Ass'n* v. *Moore*, 183 U. S. 642, 46 L. ed. 366, 22 S. Ct. 240.

The plaintiff alleged in the amended motion for judgment that the deeds were mailed to Offutt, "c/o Manassas Park, Inc.," pursuant to to the terms of the letter contract, and they were received either by Offutt or Manassas Park, Inc., the one to whom they were mailed in care of. Under our holding in *Hartford Fire Ins. Co.* v. *Mutual Savings & Loan Co., Inc.*, 193 Va. 269, 68 S. E. 2d 541, 544, 31 A.L.R. 2d 1191, the mailing of a letter, properly addressed and stamped, raises a presumption of receipt of the letter by the addressee, and a denial by the addressee of the receipt of the letter raises an issue of fact for the jury.

Upon the mailing of the deeds by the plaintiff and their receipt at the address named in the letter contract, it became Offutt's duty and responsibility, pursuant to his engagement, to see that the funds received from the delivery of the deeds to the grantees, after certain authorized deductions, were remitted to the plaintiff.

The allegations in the amended motion for judgment aver that the deeds received by Offutt or Manassas Park, Inc., were delivered to the grantees and the funds were collected and not remitted to the plaintiff by either Offutt or Manassas Park, Inc.

Offutt's liability is founded upon the terms of his contract with the plaintiff. Under it he is responsible for remitting the funds to the

plaintiff, whether they were received by him or Manassas Park, Inc. If he had intended to limit his liability only to funds collected by him he could have so provided in the contract. But he did not do that. Thus the pleading in the alternative was not defective and fatal on demurrer. His liability does not depend upon the existence of an agency relationship between him and Manassas Park, Inc. Nor does the fact that Manassas Park, Inc., was the sales agent for the properties of the plaintiff relieve Offutt of his direct and positive obligation under the contract.

For the reasons stated, the demurrer was improperly sustained and the case is remanded for further proceedings on the plaintiff's amended motion for judgment.

*Reversed and remanded.*