324 So.2d 113 (1975)
AETNA INSURANCE COMPANY, a Corporation Authorized to Transact Business in Florida, Appellant,
v.
Patrick SETTEMBRINO et al., Appellees.
No. 75-1032.
District Court of Appeal of Florida, Third District.
December 9, 1975.
Rehearing Denied January 20, 1976.
George J. Baya, Miami, for appellant.
Robert S. Korschun, Miami, for appellees.
*114 Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
This is an interlocutory appeal by Aetna Insurance Company, defendant in the trial court from an order granting a partial summary judgment as to liability in favor of the Settembrinos, plaintiffs in an action on two insurance policies for loss due to fire.
Plaintiffs are the assignees of two fire insurance policies covering a building and its contents, located in Hialeah, Florida. Both policies were assigned to plaintiffs prior to the loss. The policies provided for cancellation at any time by Aetna by giving ten days' written notice of cancellation with or without tender of the excess premium. On December 16, 1970, Aetna, by and through its agent, attempted to cancel the policies by written notices by U.S. mail to the plaintiffs and to the mortgagee named in said policies to become effective as of December 26, 1970. On December 28, 1970, at 1:23 A.M., the insured property was damaged by fire. In January, 1971, plaintiffs employed an insurance adjuster to advise and assist in the adjustment of the loss. In March 1971, the adjuster wrote to Aetna stating that the fire occurred December 27, 1970; that the mailed notices were received by plaintiffs on December 19, 1970, and that they had coverage until December 29, 1970. Subsequently, plaintiffs filed a complaint against Aetna seeking to recover the face amount of the policies, alleging that on or about December 27, 1970, while the policies were in full force and effect, the insured property was damaged by fire in amounts in excess of said policies. Aetna answered, alleging that on December 16, 1970, the policies were cancelled by mail as of 12:00 o'clock noon on December 26, 1970, and that the fire occurred on December 28, 1970.
Both parties moved for a summary judgment. The trial judge denied the motion of Aetna for a summary judgment, entered a partial summary judgment against Aetna on the question of liability and provided for trial by jury on the question of damages. The court found the policies to have been in full force and effect at the time of the fire and found that the cancellation was not authorized under the policies. This interlocutory appeal ensued.
We hold that the U.S. mail is a sufficient method of giving written notice under the terms of the policies. The pivotal issue in this case is whether the effective date of cancellation of the policies is 10 days from the date of mailing or 10 days from the date of receipt. Aetna contends that the effective date of cancellation is 10 days from the date of mailing. As authority for its position, Aetna cites this court's opinion in Foerch v. Atlantic Mutual Fire Insurance Company, Fla.App. 1974, 303 So.2d 345. We do not find that case to be controlling since it is readily distinguished on its facts. In Foerch, the insured had been residing out of the State of Florida continuously for three months during the time period material to the case, without arranging to have her mail forwarded to her and without notifying the insurance company or the insurance agents of her address. Under such circumstances, the method of mailing written notices to the insured's address was reasonable and provided effective cancellation, even though she denied ever receiving the notices.
Where a policy provides for written notice of cancellation, but does not specify the method of giving the written notice, and the notice is given by mail, the effective date of cancellation generally is to be determined based on the date of receipt of the notice by the insured.
We find that Aetna's contention that the plaintiffs asserted inconsistent positions by their pleadings is without merit. A judgment or decree will be affirmed if sustainable under any theory revealed by *115 the record on appeal. Cohen v. Mohawk, Fla. 1962, 137 So.2d 222; Smith v. Bettinghaus, Fla.App. 1965, 178 So.2d 201. The trial court, then, was correct in entering a summary judgment in favor of the plaintiffs on the issue of liability. The summary final judgment herein appealed is affirmed.
Affirmed.