289 S.E.2d 669 (1982)
Lawrence Ray SMITH
v.
MUNICIPAL MUTUAL INS. CO., Etc., and
Walls Ins. Agency, Inc., Etc.
No. 15228.
Supreme Court of Appeals of West Virginia.
February 11, 1982.
Dissenting Opinion March 31, 1982.
Steptoe & Johnson and Carl F. Stucky, Andrew J. Goodwin, Charleston, for appellant.
Boyce Griffith, Hamlin, for appellee.
NEELY, Justice:
This case presents the question of whether the mere mailing of notice of cancellation of a fire insurance policy by the insurance company constitutes sufficient notice under W.Va.Code, 33-22-14 [1957] and W.Va.Code, 33-22-15 [1957].
The appellee, Lawrence Ray Smith, owned a one-story frame house in Lincoln County. On 7 March 1973 the appellant, Municipal Mutual Insurance Company, a farmers' mutual insurance company, organized under the laws of this state, contracted to provide fire insurance on the house of up to $5,000. Appellant, Walls Insurance Agency, Inc. (Walls) of Fairmont, West Virginia acted as an agent of the insurance company. James Stevens of Hamlin, West Virginia was the insurance broker who dealt personally with Mr. Smith.
Some two months later when Mr. Smith applied for automobile insurance with the Stonewall Casualty Insurance Company, *670 that company ran a credit check on him. The resulting credit report indicated that Mr. Smith no longer lived at the insured house. Since Stonewall Casualty Insurance Company and Walls were both owned by the same man, this information was made available to Walls. Believing the house to be vacant, Walls determined that the risk undertaken in the fire insurance policy was greater than that originally undertaken. On 11 October 1973 form notices of cancellation were prepared by Walls and sent to Mr. Smith and to the First National Bank of West Hamlin, which held a deed of trust on the property. On the same day Walls also sent a check for $13.00 as a refund of the premium made payable to Mr. Smith and James Stevens, the broker. The record conclusively shows and it is not contested, that none of the addressees ever received these notices. However, none of the notices was ever returned to Walls as the return addressee.
On 8 February 1974 the house was destroyed by fire. The following day Mr. Smith called James Stevens and was told that his insurance was in full force and effect. However, when Mr. Smith sought to recover on his policy, the Municipal Mutual Insurance Company refused to pay claiming that the policy had been canceled.
The appellee then instituted this action in the Circuit Court of Lincoln County. The parties submitted the case to the trial court upon the pleadings, the appellee's deposition, and a stipulation of facts to determine whether the policy had been effectively canceled by the appellants before the fire. The trial court entered an order on 10 June 1980 awarding judgment to the appellee and holding that W.Va.Code, 33-22-14 [1957] and W.Va.Code, 33-22-15 [1957] were unconstitutional in that they denied procedural due process to the appellee.
As the parties stipulated, appellant Municipal Mutual Insurance Company is a farmers' mutual fire insurance company subject to the provisions of W.Va.Code, 33-22-1 et seq. In sections 14 and 15 of this article of the Code the terms by which policies may be canceled are set out. W.Va. Code, 33-22-14 [1957] states:
All notices of cancellation of policies or reduction thereof and all other notices to members required by this article shall be delivered personally or mailed in a sealed envelope addressed to the last known address of the member and when so given they shall be deemed sufficient and binding upon the member so notified.
Further terms for cancellation are set out in W.Va.Code, 33-22-15 [1957] which states in pertinent part as follows: "(c) the company may cancel any policy upon at least five days' written notice to the holder." The question before us is whether the cancellation notice mailed to Mr. Smith on 11 October 1973 constituted an effective cancellation of the policy. Given the clear legislative intent in the wording of Code, 32-22-15 [1957] to provide an insured with at least five days' notice before a cancellation becomes effective, we interpret the statutes to mean that there must be actual notice made to the insured. We find ample precedent for this interpretation in other jurisdictions.
Construing an almost identical pair of statutes in Black v. Fidelity & Guaranty Insurance Underwriter's, Inc., 582 F.2d 984 (5th Cir. 1978), the Fifth Circuit ruled that actual notice was necessary before a cancellation could become effective. In that case Miss.Stat.Ann., § 83-11-9 [1972], corresponding with our section 14, read in pertinent part: "proof of mailing of notice of cancellation, ... shall be sufficient proof of notice." However, Miss.Stat.Ann., § 83-11-5 [1972], corresponding with our section 15, provided that "no notice of cancellation... shall be effective unless mailed or delivered by the insuror to the names insured at least twenty (20) days prior to the effective date of cancellation...."
Interpreting similar statutory provisions, the Court of Appeals of Michigan also held that when a statute provides for a specific period of notice before cancellation becomes effective, actual notice must be received. In Phillips v. Detroit Automobile Inter-Insurance Exchange, 69 Mich.App. 512, 245 N.W.2d 114 (1976) the court made this conclusion *671 even though Mich.Stat.Ann., § 24-13020 [M.C.L.A. § 500.3020] then read: "the mailing of notice shall be prima facie proof of notice." As rationale for its decision the court wrote:
The purpose of the 10-day notice requirement is to allow the insured a reasonable period of time within which to replace the canceled insurance, a purpose which is not achieved by an interpretation of the statute which permits cancellation of the policy to become effective without regard to whether there has been actual notice, let alone 10 days' actual notice. A so-called "notice" that is not received is in reality no notice at all.
69 Mich.App. at 518, 245 N.W.2d at 116, quoting Raptis v. Safeguard Insurance Co., 13 Mich.App. 193, 202, 163 N.W.2d 835, 838 (1968) (Levin, J., dissenting).
We are in agreement with the reasoning of the Michigan Court of Appeals and conclude that the only way to achieve the Legislature's purpose in providing for a period of notice is to require that actual notice be given. Were we to rule otherwise we would be permitting insurance companies to behave in what we consider an incredibly irresponsible manner. This case provides a good example. Upon being informed that Mr. Smith had moved from his house, the insurance company, without determining whether he had arranged to have someone else live in the house during his absence (which he had done), determined that the risk of fire was greater than that which it had originally calculated. The company therefore decided to cancel the policy. How? By blithely sending a notice of cancellation to a house which it thought was vacant. We are alarmed that an insurance company, charged as it is with protecting its customers, would consider such behavior.
The appellants in this case argue that Laxton v. National Grange Mutual Insurance Company, 150 W.Va. 598, 148 S.E.2d 725 (1966) should be controlling in this case. In Laxton, an insurance company canceled a automobile insurance policy by mailing notice to the insured as provided for in the terms of the policy. We held that the proof of mailing was sufficient to prove notice in accordance with the policy. In refusing to follow Laxton today, we note that there are several factors which distinguish Laxton from the case before us.
First, in Laxton there were no West Virginia statutes concerning cancellation procedures for motor vehicle insurance. Secondly, the Laxton court was quite at ease in determining that the policy contract "in effect constituted the government, in its business of operating the mails, the agent of the insured for the purpose of receiving the notice of cancellation." Id. at 603, 148 S.E.2d at 728. We are not so sanguine in our estimation of today's Postal Service. Only with great reluctance would we infer an agency arrangement relying on the efficiency of the postal service. We allow the reader to take his own "judicial notice" of the reasons for this new proposition of law.
Most importantly, we would distinguish Laxton for its reliance on the theory that the cancellation terms of the insurance policy had been bargained for by the parties. As we noted in Board of Education v. W. Harley Miller, Inc., W.Va., 236 S.E.2d 439 (1977), there are situations where the individual consumer has little bargaining power with respect to the terms of such a contract. He has the limited choice in accepting the contract as presented by the insurance company or going elsewhere for his insurance coverage. While not speculating as to whether the results of Laxton would be different had the case been brought today, we are fairly certain that the analysis would have been different. Hence, we do not find that Laxton is applicable to the case before us. To the extent that Laxton is inconsistent with today's holding, it is overruled.
In the case before us today, the form contract contained provisions which stated that mailing would constitute notice. The contract also provided for thirty days' notice. Were there no statute governing the procedure for cancellation, rather than applying Laxton, we would choose to interpret the terms of the contract against the drafter. See Charlton v. Chevrolet Motor Co., *672 115 W.Va. 25, 174 S.E. 570 (1934). Our analysis would then follow that which we have just used with respect to the statute. In order for the provision for thirty days' notice to fulfill its purpose we would construe the contract as calling for actual notice.
Given our interpretation of the statutes involved in this case, we reverse that part of the circuit court's ruling which held these statutes to be unconstitutional. We do, however, affirm that part of the circuit court's ruling which provided a verdict for the appellee.
Affirmed in part.
Reversed in part and remanded.
McHUGH, Justice, dissenting:
The record indicates that the appellant, Municipal Mutual Insurance Company, issued to the insured a fire insurance policy, No. 65555c, for the period March 7, 1973, to March 7, 1974. Attached to the policy was an "amendatory cancellation" provision. That provision provided, in part, as follows:
CANCELLATION OF POLICIES IN FORCE FOR 60 DAYS OR MORE AND RENEWAL POLICIES.
If this policy:
(a) has been in force for 60 days or more ... it may be cancelled by this Company for one or more of the following reasons and then only by mailing or delivering to the Insured written notice stating when, not less than 30 days thereafter, such cancellation shall be effective:
....
(2) There has been a substantial change in the risk assumed by this Company since the policy was issued....
....
The mailing of notice as aforesaid shall be sufficient proof of notice. Delivery of such written notice by this Company shall be equivalent to mailing.
As the stipulations of the parties indicate, notice of cancellation of the fire insurance policy was mailed on October 11, 1973, by Walls Insurance Agency, Inc. to the insured at the address listed upon the policy and to the First National Bank of West Hamlin, a mortgagee upon the property in question. A certificate of mailing was obtained from the post office by the appellant, Walls Insurance Agency, Inc., for the mailing of the cancellation notice. Furthermore, Walls Insurance Agency, Inc. mailed to James Stevens, an insurance broker, notice of cancellation of the fire insurance policy and a refund check upon the policy in the amount of thirteen dollars ($13.00), payable to James Stevens and Lawrence Ray Smith. Nevertheless, the circuit court found that Lawrence Ray Smith and the First National Bank of West Hamlin did not receive the notice of cancellation. Nor did James Stevens or Lawrence Ray Smith receive the refund check. The refund check was never negotiated. On February 8, 1974, the insured's home and its contents near West Hamlin were destroyed by fire.
In Laxton v. National Grange Mutual Insurance Company, 150 W.Va. 598, 148 S.E.2d 725 (1966), the plaintiff's automobile was insured by the defendant, National Grange Mutual Insurance Company. On November 18, 1964, that automobile was severely damaged. The defendant contended, however, that on September 9, 1964, a notice of cancellation of the insurance policy was mailed by the defendant to the plaintiff and to the General Motors Acceptance Corporation. The plaintiff and a witness for the General Motors Acceptance Corporation denied receiving any notice of cancellation of the policy.
In Laxton, the insurance policy in question provided that the policy could be cancelled either by the insured or by the insurance company by mailing a written notice of cancellation. Furthermore, the policy provided that proof of mailing of a cancellation constituted sufficient proof of notice of cancellation. 148 S.E.2d at 728. In Laxton, the evidence indicated that notice of cancellation of the policy was mailed by the defendant to the plaintiff. Specifically, the defendant's evidence indicated (1) that the mailing took place in the regular course of the defendant's business, (2) that the defendant had obtained a certificate of mailing *673 from the post office, and (3) that the notice of cancellation was never returned by the post office to the defendant.
In Laxton, this Court reversed a judgment for the plaintiff and awarded the defendant insurance company a new trial. This Court held that the plaintiff and the defendant had contracted for the insurance policy and that its provisions concerning cancellation were clear and unambiguous and not contrary to public policy. 148 S.E.2d at 729. Furthermore, as this Court stated: "... [I]f, in this case, the insurance company has sufficiently proved the mailing of the notice of cancellation addressed to the plaintiff at his address as it appears on the policy, it is not sufficient from the plaintiff's standpoint for him to prove merely that he did not receive such notice." 148 S.E.2d at 728. Accordingly, as this Court held in syllabus point 2:
Where an insurance policy provides that the policy may be cancelled by the insurance company by mailing to the insured at his address shown in the policy a written notice stating when not less than ten days thereafter such cancellation shall be effective, and that mailing of such notice shall be sufficient proof of notice, actual receipt of such notice by the insured is not a condition precedent to cancellation and, in an action on the policy, cancellation may be established by proof of the mailing of such notice in accordance with the terms of the policy.
I am of the opinion that the reasoning of Laxton should be applied to the action before this Court. As in Laxton, the evidence indicated that the insurance company mailed the notice of cancellation to the appellee, Lawrence Ray Smith. The insurance company complied with the cancellation provisions of the policy and, as in Laxton, those provisions were clear and unambiguous and not contrary to public policy.
Although the majority emphasizes discrepancies between the Laxton action and the action before this Court, those discrepancies are not sufficient to deny the application in this action of the Laxton rule, i.e., that actual receipt by the insured of a notice of cancellation of an insurance policy is not a condition precedent to cancellation of the policy. The insurance policy in Laxton was comparable to the policy in the action before this Court, and the result should be the same. Neither W.Va.Code, 33-22-14 [1957], nor W.Va.Code, 33-22-15 [1957], specifically requires that notice of cancellation actually be received.
The majority is, in effect, rewriting the policy and amending the statutes. I would hold that the reasoning of Laxton should be applied to the action before this Court, and I would reverse the final order of the Circuit Court of Lincoln County.