494 So.2d 306 (1986)
Glen NUNLEY and Cassandra Nunley, Appellants,
v.
FLORIDA FARM BUREAU MUTUAL INSURANCE COMPANY and Rex Gerald Stanford, Appellees.
No. BK-263.
District Court of Appeal of Florida, First District.
September 24, 1986.
Cecil L. Davis, Jr., Tallahassee, for appellants.
John N. Boggs, Panama City, for appellees.
WENTWORTH, Judge.
Appellants seek review of a final summary judgment entered against them and in favor of the appellee insurance company. We reverse because we find the trial court erred in holding that proof of mailing of a notice of cancellation three weeks before the loss constituted conclusive proof of cancellation under a policy clause permitting such action by "giving to the insured a ten-days written notice of cancellation."
*307 Appellants, on or about December 8, 1983, paid a premium check of $243 and were issued a fire insurance policy on their home by appellee Florida Farm Bureau Mutual Insurance Company through its agent, Rex Gerald Stanford. The premium check cleared appellant's bank on December 19, 1983. On February 8, 1984, appellants' home was completely destroyed by fire. Appellants notified Florida Farm Bureau about the fire the following day. Florida Farm Bureau told appellants that day that their fire insurance coverage had been cancelled, effective January 25, 1984, and that a cancellation notice had been mailed to them on January 13, 1984. The notice of cancellation stated that appellants' risk did not meet company guidelines because their home was over 10 years old and valued at less than $50,000. Appellants stated that agent Stanford never advised them of the company guidelines or told them about the cancellation. They stated they never received the notice of cancellation and were not aware of a cancellation until they contacted Florida Farm Bureau after the fire.
Appellants filed suit against appellees, claiming the face amount of the fire insurance policy, along with interest, fees and costs. The trial court entered final summary judgment for appellees, finding that language in the insurance policy concerning notice of cancellation provided that mailing of the cancellation notice was sufficient proof of cancellation and that no fact issue existed as to such cancellation.
The cancellation clause in appellants' insurance policy provided:
This policy may be cancelled at any time by this company by giving to the insured a ten-days written notice of cancellation with or without tender of the excess of said premium above the pro rata premium for the expired time ...
The policy language did not by this or other language shift to the insured the risk of delivery by providing that mailing a written notice would constitute "giving ... written notice." In Aetna Insurance Co. v. Settembrino, 324 So.2d 113 (Fla. 3d DCA 1975), the court found that "where a policy provides for written notice of cancellation, but does not specify the method of giving notice and the notice is given by mail, the effective date of cancellation is to be determined based on the date of receipt of the notice by the insured." (e.s.)
Jurisdictions outside of Florida resolve the issue of whether receipt of a notice of cancellation is necessary to effect cancellation of an insurance policy by analysis of the particular language used in the policy provision for a cancellation. 43 Am.Jur.2d Insurance, section 391 (1982). Where a cancellation provision is ambiguous, it is most reasonably construed as requiring the actual receipt of the notice by the insured. Where the policy provision dealing with notice of cancellation provides that the policy may be cancelled by giving notice to the insured in a specific number of days, as in this case, actual receipt by the insured of such notice is a condition precedent to cancellation of the policy by the insured, and the notice of cancellation mailed by the insurer but not received by the insured is consequently ineffective as a cancellation. Whether the condition precedent to cancellation of the policy was satisfied in this case clearly remains a fact in issue.
We find no merit in appellants' other two points on appeal.
The order is reversed and the cause remanded for further proceedings consistent herewith. Appellants are entitled, under section 627.428, Florida Statutes, to reasonable attorney's fees and costs incident to appeal, to be determined by the trial court.[1]
SMITH and BARFIELD, JJ., concur.
NOTES
[1] Although the provision is in part for award of a fee "for the insured's ... attorney prosecuting the suit in which the recovery is had," the statute expressly authorizes an appellate court to make an award "in the event of an appeal in which the insured ... prevails." (e.s.) Section 627.428(1), Florida Statutes. The latter condition being met, a fee for that service would appear to be authorized without regard to the final or ultimate further recovery by insured.