# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

James E. Mullins, Sr.

v.

Woodmont Health Care
Center, Inc., et al.

July 31, 2001

Case No. CL99-78

BY JUDGE WILLIAM H. LEDBETTER, JR.

In response to a motion for judgment alleging both "simple" negligence and medical malpractice, the defendants demur contending that the facts alleged by the plaintiff state only a cause of action for malpractice. The court agrees.

## Facts

It is elementary that in considering a demurrer, the court accepts as true all material facts that are properly pleaded, facts impliedly alleged, and facts which may be fairly inferred from the facts alleged. *Luckett v. Jennings*, 246 Va. 303, 435 S.E.2d 400 (1993).

From the plaintiff's pleadings, the facts are as follows. The plaintiff, Mullins, suffered severe injuries in an automobile accident. After about a week in the hospital, he was transferred to Woodmont for post-trauma care. Mussey was Mullins' attending physician at Woodmont.

Two days after his admission to Woodmont, Mullins fell from his bed. As a consequence, he aggravated his pre-existing injuries and suffered new injuries. The fall, which occurred while Mullins was heavily sedated, was caused by the defendants' failure to take necessary steps to safeguard Mullins while he was in their care.

Mullins' pleading contains two counts. Using identical facts, he makes a claim based on simple common law negligence, and a claim based on a theory of "professional negligence/malpractice."

Both defendants have demurred to Count I, the simple negligence count, contending that the facts alleged set forth a cause of action for medical malpractice. All parties have agreed that the court should decide this issue on submissions of counsel without oral arguments.

## Decision

Ordinarily, as Mullins points out, a party may plead alternative facts and theories in the same case and in the same pleading, if all such claims arise out of the same occurrence, regardless of consistency. Rule 1:4(k); *Manassas Park Devel. Co. v. Offutt*, 203 Va. 382, 124 S.E.2d 29 (1962); Bryson, *Virginia Civil Procedure* 215-21 (3d ed. 1997).

Here, the plaintiff has not alleged alternative facts. He has set forth only one set of facts. Rather, he has labelled his action "negligence" in one count and "professional negligence/malpractice" in another.

The facts he has alleged are, by definition, malpractice. Malpractice is defined as "any tort based on health care or professional services rendered, or which should have been rendered, by a health care provider to a patient." Virginia Code § 8.01-581.1. "Health care provider" includes physicians, such as Mussey, and licensed health-care institutions, such as Woodmont. Virginia Code § 8.01-581.1. According to Mullins, the negligent acts or omissions which caused injury to him occurred while he was in the care of the defendants receiving health care from them. The negligent acts or omissions were done by Mussey and by Woodmont acting through its employees and agents.

For several reasons, it is important that injuries incurred during medical treatment or health care be classified as malpractice in litigation to recover damages for such tortious acts or omissions.

First, an action for malpractice triggers Virginia's Malpractice Act, Virginia Code §§ 8.01-581.1 *et seq.*, which, among other things, permits any party to the action to request a medical malpractice review panel. If a victim of malpractice could obviate such a panel merely by labelling his claim ordinary negligence, the legislative purpose would be thwarted. For this reason alone, the plaintiff must designate his action as it really is.

Second, the General Assembly has established limitations on the amount of recovery available in medical malpractice cases. Virginia Code § 8.01-581.15. These caps are valid. *Pulliam v. Coastal Emergency Services*, 257 Va.

1, 509 S.E.2d 307 (1999). They do not apply to cases of ordinary negligence. Thus, if a victim of malpractice could avoid the caps merely by labelling his claim something other than malpractice, the statutory limitation would be subverted. So, for this reason, too, the plaintiff must designate his action as it really is.

Further, some of the basic principles applicable to recovery for malpractice differ from ordinary negligence concepts. For instance, recovery is based on whether the treatment rendered, or the act done or omitted, violated the applicable standard of care and whether the violation was the proximate cause of the plaintiff's injury. The "applicable standard of care" inquiry raises a number of sub-issues, few if any of which arise in ordinary negligence litigation. See, e.g., *King v. Sowers*, 252 Va. 71, 471 S.E.2d 481 (1996). Finally, other requirements may attach to malpractice actions that do not apply to other negligence cases. See, e.g., *Gonzalez v. Fairfax Hosp.*, 239 Va. 307, 389 S.E.2d 458 (1990).

Therefore, under the circumstances of this case, as alleged by Mullins in his pleadings, this is an action for medical malpractice, nothing more or less. For the reasons explained, it must be pleaded in that manner and litigated in that manner.

Obviously, this does not preclude the plaintiff from alleging alternative facts, even if inconsistent, one set of facts setting forth a claim of "simple" or ordinary negligence outside the reach of the medical malpractice statutes, the other setting forth a cause of action for malpractice.

Accordingly, the defendants' demurrers to Count I in Mullins' motion for judgment will be sustained.