COURT OF APPEALS OF VIRGINIA

Present:  Judges Felton, Kelsey and Senior Judge Willis
Argued at Richmond, Virginia


LEON MARTIN

MEMORANDUM OPINION[*] BY
v.   Record No. 1221-02-2                JUDGE D. ARTHUR KELSEY
                                         JUNE 17, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
Leslie M. Osborn, Judge

J. William Watson, Jr. (Watson, Nelson,
Morrison & Miller, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Leon Martin argues that the trial court abused its

discretion by admitting two drug certificates of analysis into

evidence because, he claims, the chain of custody for the drugs

had not been properly established.  Martin also contends that

the court abused its discretion by admitting a doctor's

examination of the drugs in question.  Finding no error in the

trial court's judgment, we affirm.

I.

On appeal, we review the evidence "in the light most

favorable to the Commonwealth."  Kingsbur v. Commonwealth, 40

   * Pursuant to Code § 17.1-413, this opinion is not designated
for publication.

Va. App. 307, 308, 579 S.E.2d 357, 358 (2003). That principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Holsapple v. Commonwealth, 39 Va. App. 522, 528, 574 S.E.2d 756, 758-59 (2003) (en banc) (citation omitted).

During August 2000, Dennis Barker, an investigator with the South Boston Police Department, was assigned to work with the Halifax County Drug Task Force. On August 22, 2000, Barker met with Samuel Kirby, an informant with the Task Force, to "have Mr. Kirby go out and make a drug purchase." Barker searched Kirby and his vehicle. Satisfied that Kirby was not carrying any contraband, Barker informed Kirby of "who he should attempt to purchase drugs from" and provided him with an "audio transmitter tape recorder, a video device," and "$50 to purchase crack cocaine."

Kirby drove to Martin's house where Martin sold him three rocks of crack cocaine for $50. Kirby immediately returned and delivered the drugs to Barker, who field tested the substance and verified that the contraband was crack cocaine. Barker then placed the drugs in a Ziploc bag, sealed the bag with red evidence tape, and both Kirby and Barker initialed the bag. Upon returning to his office, Barker placed the drugs in his secure evidence locker.

-

Barker sent the drugs to the Virginia Division of Forensic Science for analysis via certified mail. Along with the drugs, Barker submitted a form entitled the "Division of Forensic Science Request for Laboratory Examination," which included specific serial numbers and information about the offense. The Division returned a certified mail receipt acknowledging that it had received the drugs from Barker. The receipt was not signed, but was initialed and contained the article number "P 088 575 986." After completing the examination, the Division returned the drugs, a certificate of analysis, and the Request for Laboratory Examination. In addition to the forensic scientist's signature, the Request contained the same initials that appeared on the postal receipt, followed by the article number "P 088 575 986."

On August 23, 2000, Russ Nicollson, an investigator with the Halifax-South Boston Drug Task Force, arranged for Kirby to purchase drugs from Martin. Nicollson followed the identical procedure as had Barker, and Kirby again purchased $50 worth of crack cocaine from Martin. Nicollson sent the baggie via certified mail for analysis at the Division. As before, the Division acknowledged receiving the drugs by returning a certified receipt that was initialed and contained the article number "Z-248-186-426." Following the examination, the Division returned the drugs, certificate of analysis, and the Request for Laboratory Examination. Once again, the Request contained the

-

identical initials as the postal receipt and also contained the article number "Z-248-186-426."

Based on the two transactions, Martin was tried on four counts of possession with intent to distribute, in violation of Code § 18.2-248, and one count of conspiring to distribute a Schedule I or II controlled substance, in violation of Code § 18.2-256.  At the trial for the August 22 sale, Martin's counsel objected to the introduction of the certificate of analysis, arguing that the lack of a legible name on the postal receipt created a fatal break in the chain of custody.  The trial court overruled the objection, noting that "it would appear that whoever initialed this lab report was the same initial that goes on this [return receipt] when you compare the two together."

The trial court overruled a similar objection concerning the chain of custody for the drugs purchased on August 23.  The trial court admitted the evidence, noting that the matching initials on the postal receipt and the Request for Laboratory Examination indicated that an agent of the Division received the package and delivered it to the forensic scientist responsible for the case.  Finding Martin guilty of all the offenses, the trial court sentenced him to prison for 75 years, suspending 43 years of the total sentence.

-

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Crest v. Commonwealth, 40 Va. App. 165, 170, 578 S.E.2d 88, 90 (2003) (quoting Jones v. Commonwealth, 38 Va. App. 231, 236, 563 S.E.2d 364, 366 (2002)).  Because a trial court "by definition abuses its discretion when it makes an error of law," Leonard v. Commonwealth, 39 Va. App. 134, 148, 571 S.E.2d 306, 313 (2002) (citations omitted), we review its conclusions of law de novo "to determine that its discretion was not guided by erroneous legal conclusions," Koon v. United States, 518 U.S. 81, 100 (1996).

To admit a certificate of analysis into evidence, the Commonwealth must first present "proof of the chain of custody" for the drugs to be examined.  Alvarez v. Commonwealth, 24 Va. App. 768, 776, 485 S.E.2d 646, 650 (1997).  Establishing the chain of custody does not require the Commonwealth to "eliminate every conceivable possibility of substitution, alteration, or tampering."  Johnson v. Commonwealth, 259 Va. 654, 678, 529 S.E.2d 769, 783 (2000) (citation omitted).  Instead, the Commonwealth need only provide "reasonable assurance that the sample to be admitted at trial is the same sample, and in the same condition, as when it was first obtained."  Id.  The

-

Commonwealth can shoulder this burden by establishing every

"vital link in the chain of possession." Alvarez, 24 Va. App.

at 777, 485 S.E.2d at 650.[1]

To relieve the Commonwealth of "having to present testimony

regarding the chain of custody of an analyzed or examined

substance," Code § 19.2-187.01 "authorizes a trial court to

receive a certificate of analysis as evidence of the chain of

custody of the material tested." Harris v. Commonwealth, 261

Va. 185, 188, 541 S.E.2d 547, 548 (2001) (citation omitted).

Under this statute, receipt by an authorized agent of the

Division "shall be prima facie evidence" as to the custody of

the material until the laboratory returns the materials to the

trial court following the examination. Id. (quoting Code

§ 19.2-187.01).

In this case, the Commonwealth established a sufficient

chain of custody for the drugs seized during both sales. In

each instance, the police officers mailed the narcotics to the

---

[1] Martin also challenges the trial court's decision to allow testimony from Steve Watsen, a forensic chemist with the Drug Enforcement Administration. Martin, however, admits that his trial attorney "did not sufficiently interpose the objection" on this matter. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Proctor v. Commonwealth, 40 Va. App. 233, 246, 578 S.E.2d 822, 829 (2003) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)); See Rule 5A:18. For this reason, we are barred from determining whether the trial court abused its discretion by admitting Watsen's testimony. Further, under the circumstances of this case, we see no reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

-

Division and, on each occasion, the Division verified its receipt by executing the Request for Laboratory Examination. This receipt alone establishes prima facie evidence of the chain of custody.  See Harris, 261 Va. at 188-89, 541 S.E.2d at 548 (noting that "the prosecution established, prima facie, that the contraband was received by such an agent; there is no hint that it was received, for example, by some mere non-employee bystander who happened to be loitering on the laboratory's premises").

It is true, as Martin points out, that the initials on the postal receipts do not appear to be consistent with the signatures on the two Requests for Laboratory Examination.  That difference, however, does not in any way undermine the statutory inference — particularly given the fact that the initials appear on all four documents (both postal receipts and both lab request forms).  It may be true that the actual forensic scientists who performed the examinations and signed the laboratory request forms did not physically receive the mail from the postman or sign the postal receipts.  Nothing in Code § 19.2-187.01 requires that they do so.

To be sure, the presence of the postal receipts addressed to the proper addressee gives rise to a presumption of its own. "All authorities hold that mailing a letter, properly addressed and stamped, raises a presumption of its receipt by the addressee."  Hartford Fire Ins. v. Mut. Sav. & Loan Co., Inc.,

-

193 Va. 269, 273, 68 S.E.2d 541, 544 (1952); see also Washington v. Anderson, 236 Va. 316, 322, 373 S.E.2d 712, 715 (1988); Manassas Park Dev. Co. v. Offutt, 203 Va. 382, 385, 124 S.E.2d 29, 31 (1962); Villwock v. Ins. Co. of N. America, 22 Va. App. 127, 135 n.4, 468 S.E.2d 130, 134 n.4 (1996). That so, the postal receipts tend to defeat, not support, Martin's effort to overcome the statutory inference under Code § 19.2-187.01.

### III.

In sum, the trial court did not abuse its discretion by admitting into evidence the certificates of analysis. Finding no error on this issue, we affirm Martin's convictions.

Affirmed.