COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Beales and Decker
Argued by teleconference


WILLIAM E. McGUIRE

MEMORANDUM OPINION[*] BY
v.        Record No. 1159-14-3          JUDGE RANDOLPH A. BEALES
                                        OCTOBER 13, 2015
VDOT-TAZEWELL/
 COMMONWEALTH OF VIRGINIA


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Michael A. Kernbach (Law Office of Michael A. Kernbach, P.C., on
brief), for appellant.

Scott John Fitzgerald, Senior Assistant Attorney General (Mark R.
Herring, Attorney General; Rhodes B. Ritenour, Deputy Attorney
General; Peter R. Messitt, Senior Assistant Attorney General;
Mary H. Hawkins, Assistant Attorney General, on brief), for
appellee.


William E. McGuire (the claimant) appeals the decision of the Workers' Compensation

Commission (the commission) terminating his workers' compensation indemnity benefits.

Claimant alleges that the commission erred in finding that there was sufficient evidence to

establish proper mailing to and receipt by claimant and his counsel of an application for hearing

to terminate indemnity benefits.  Claimant also alleges that the commission erred in finding that

the Virginia Department of Transportation (the employer) satisfied the burden of showing that

claimant had been unconditionally released to his pre-injury work status.  Claimant further

argues that the commission erred by relying on stale medical evidence from 2007 and by

refusing to remand the matter back to the deputy commissioner to receive current medical

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence. Finally, claimant argues the commission erred by refusing to order a new treating physician. For the following reasons, we affirm the decision of the commission.

## I. ANALYSIS

### A. COMMISSION RULE 1.4(A)

Claimant challenges the commission's finding that employer provided adequate notice of employer's application for a hearing under Commission Rule 1.4, which states in pertinent part:

> An employer's application for hearing shall be in writing and shall state the grounds and the relief sought. At the time the application is filed with the Commission, a copy of the application and supporting documentation shall be sent to the employee and a copy to the employee's attorney, if represented.

Commission Rule 1.4(A). When the commission interprets its own rules, the appellate court grants the commission deference and looks to whether the commission's interpretation is reasonable; thus, only interpretations of the commission's rules that are arbitrary and capricious will be disturbed on appeal. Food Lion, LLC v. Dalton, 50 Va. App. 713, 653 S.E.2d 611 (2007) (citing Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129 n.2, 510 S.E.2d 255, 260 n.2 (1999) (en banc) (citations omitted). In interpreting Commission Rule 1.4(A), the commission stated that the mailing party could meet this burden with credible evidence that it followed its regular mailing procedures when attempting to mail the notice to claimant and his counsel. See Villwock v. Ins. Co. of N. America/CIGNA, 22 Va. App. 127, 135 n.4, 468 S.E.2d 130, 134 n.4 (1996).

Although Villwock did not involve the application of Commission Rule 1.4(A), our opinion in Villwock did address whether the insurer's mailing was effective by explaining, "First, CIGNA presented evidence concerning its regular procedure for mailing notices of cancellation. This evidence *supports a finding that the notice was mailed from CIGNA in the regular manner*." Id. at 134, 468 S.E.2d at 134 (emphasis added). Applying that standard to the

facts of this case, the evidence before the commission was that Alice Pleasant and Margaret Woods, two employees of Managed Care Innovations (MCI), followed their employer's normal course of mailing procedure to mail the notice to the claimant and his counsel. Ms. Pleasant testified credibly that she complied with MCI's regular mailing process and put into motion the mailing of copies of the application for hearing to claimant and his counsel. Ms. Woods then testified credibly that she complied with MCI's regular mailing process by collecting the mail and then placing that mail in the mail bins where the postal worker regularly retrieves them at MCI. In addition, there was credible evidence before the commission that no mail was returned to MCI as undeliverable and no mail was later found to have been lost by MCI prior to its pickup by the postal service for delivery.

Relying on Villwock and the factual findings of the commission, this Court finds the commission did not err by determining that the hearing application was "sent" to claimant and his counsel for purposes of Commission Rule 1.4(A). Because there was credible evidence in the record that the employer followed its regular mailing procedures, the commission did not commit reversible error and this Court will not disturb that finding on appeal.[1]

## B. RELEASE TO PRE-INJURY WORK

Claimant argues the commission erred in finding that employer satisfied the burden of showing that claimant had been unconditionally released to his pre-injury work status. In order to terminate an award of benefits based upon a release to work, the injured employee must be "able fully to perform the duties of his preinjury employment." Celanese Fibers Co. v. Johnson,

---

[1] The Court notes that the commission made a finding that correspondence in the record indicated that claimant "became aware of the application and its contents well before the Deputy Commissioner's hearing." Thus, there is no evidence that claimant suffered prejudice, because both claimant and his counsel received actual notice of the employer's application for a hearing well before the hearing took place.

229 Va. 117, 120, 326 S.E.2d 687, 689 (1985). As a question of fact, this Court reviews the commission's factual findings only for whether they have support in credible evidence. Id.

In this matter, the evidence is clear that Dr. Sameh A. Ward and Dr. Ludgerio Z. Claustro both released claimant to pre-injury work. On November 16, 2006, Dr. Ward found that the stiffness complained of by the claimant was not related to the work injury. On February 27, 2007, Dr. Claustro found that he was unable to explain the claimant's pain, stiffness, and immobility, released claimant from his care, and released claimant to return to his regular work. These medical records were uncontradicted and provide credible evidence to support the commission's factual findings. Because the commission's finding that the claimant was no longer entitled to indemnity benefits and its decision to release him to work were both supported by credible evidence, this Court cannot disturb those rulings on appeal.

C. STALE MEDICAL EVIDENCE

Claimant argues the commission's review opinion constituted a miscarriage of justice because the commission's May 22, 2014 decision addressed medical evidence from 2007. In addition, claimant argues that the commission should have reopened the record for the taking of additional evidence relevant to claimant's complaints of pain and his ability to return to work. The Court notes that claimant has cited no authority in support of these positions. Code § 65.2-705(A) states that the commission "shall review the evidence or, if deemed advisable, as soon as practicable, hear the parties at issue, their representatives, and witnesses." Accordingly, the commission had the discretion either to review the evidence presented to the deputy commissioner or to allow the parties to present additional evidence.[2] Finding no evidence in the

---

[2] Even though the matter was before the commission upon employer's appeal of the deputy commissioner's ruling, the Court notes that this matter was removed from the active hearing docket of the commission at the request of claimant's then-counsel, Karel B. Ryan, in April 2008. The case sat dormant for five years, until claimant's current counsel, Michael A. Kernbach, filed an application for hearing on April 2, 2013.

record that the commission abused that discretion, the Court finds that the commission did not err when it relied on the medical evidence that was already in the record.

## D. NEW TREATING PHYSICIAN

Claimant argues that Dr. Claustro abandoned him and that the commission should have ordered a new treating physician. A review of the record shows that claimant's request for a new treating physician remains outstanding before the commission. The commission expressly found in a June 19, 2013 opinion that claimant's assertion that he should be entitled to a new treating physician was made in claims that Ms. Ryan filed in August 2007 and January 2008 – and that those claims remained pending in the commission. The commission did not make any findings on this issue in its May 22, 2014 opinion. For that reason, any opinion we might express regarding the appointment of a new treating physician for claimant would be premature and merely advisory. See Beatrice Pocahontas Co. v. Shortridge, 229 Va. 80, 84, 326 S.E.2d 677, 679 (1985); Mosher Steel-Virginia v. Teig, 229 Va. 95, 105, 327 S.E.2d 87, 94 (1985). Because claimant's request for a new treating physician was never ruled on by the commission and, therefore, remains pending below, this issue is not now properly before this Court on appeal.

## II. CONCLUSION

The commission did not err by relying on the credible testimony of Ms. Pleasant and Ms. Woods to support its conclusion that the application for hearing to terminate indemnity benefits was sent to claimant and his counsel in compliance with Commission Rule 1.4(A). In addition, credible evidence exists in the record to support the commission's finding that the claimant was released by his treating physician. There is no evidence in this record that the commission abused its discretion by relying on the medical evidence already in the record or by refusing to remand the matter to the deputy commissioner. Finally, claimant's request for a new

treating physician is simply not ripe for appeal at this time.  Accordingly, for the foregoing

reasons, we affirm the decision of the commission.

<u>Affirmed</u>.